**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ESMERALDA MARTINEZ VERA,
*on behalf of herself, FLSA Collective Plaintiffs*
*and the Class,* Case No.:

                    Plaintiff,

                    v.

AMAZING HOME CARE SERVICES, LLC,
INTERGEN HEALTH LLC.

                    Defendants.

                               **CLASS AND COLLECTIVE**
                                 **ACTION COMPLAINT**

                                 Jury Trial Demanded

Plaintiff, ESMERALDA MARTINEZ VERA (herein, "Plaintiff"), on behalf of herself and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants AMAZING HOME CARE SERVICES, LLC, and INTERGEN HEALTH LLC. ("Defendant"), and states as follows:

## **INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and similarly situated individuals are entitled to recover from Defendants unpaid minimum wages, liquidated damages, and attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants unpaid minimum wages, uniform reimbursement, compensation for laundry of the uniform, call in pay, liquidated damages, and attorneys' fees and costs.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state

law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, ESMERALDA MARTINEZ VERA, is a resident of New York.

6. Corporate Defendant AMAZING HOME CARE SERVICES, LLC, is a domestic limited liability company with a principal place of business located at 1601 BRONXDALE AVENUE, SUITE 207, BRONX, NY, UNITED STATES, 10462.

7. Corporate Defendant INTERGEN HEALTH LLC is a domestic limited liability company with a principal place of business located at 1601 BRONXDALE AVENUE, SUITE 207, BRONX, NY, UNITED STATES, 10462.

8. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including home health aides, consumer directed personal assistance program aides, personal care assistants) employed by Defendants on or after the date that is three (3) years of filing the herein complaint.

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper minimum wages.

12. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA

Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including home health aides, consumer directed personal assistance program aides, personal care assistants) employed by Defendant at all locations, on or after the date that is six (6) years of filing the herein complaint.

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, including: (i) failing to pay minimum wage, (ii) failing to compensate for the required uniform, (iii) failing to compensate laundry pay for the required uniform, (iv) failing to compensate call in pay, and (v) failing to provide wage statements in compliance with the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

18. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. In violation of the NYLL, Defendants (i) failed to pay for mandatory orientation/training, (ii) failed to reimburse for uniforms, (iii) failed to compensate for laundry of uniforms, (iv) failed to properly compensate call in pay, and (v) failed to provide a proper wage statement with every payment of wages.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

   e. Whether Defendants paid Plaintiff and Class members the proper compensation for all the hours worked under the NYLL;

   f. Whether Defendants reimbursed Plaintiff and Class members for required uniforms;

   g. Whether Defendants compensated Plaintiff and Class members for laundry of the required uniforms;

   h. Whether Defendants paid call in pay as required by the NYLL;

   i. Whether Defendants properly compensated Plaintiff and Class members the proper minimum wages under the NYLL;

j.  Whether Defendants provided proper wage statements as required under the NYLL and applicable state laws.

**STATEMENT OF FACTS**

23. In or around November 2025, Plaintiff ESMERALDA MARTINEZ VERA was hired by Defendants to work as a home health aide.

24. Plaintiff was employed by Defendants until on or about March 2026.

25. Upon hiring, Defendants required Plaintiff to attend an unpaid mandatory orientation/training, in uniform.

26. Defendants did not pay Plaintiff for the unpaid mandatory orientation/training that she was required to attend.

27. Defendants did not reimburse Plaintiff for the required uniform nor did they reimburse Plaintiff for the laundry thereof.

28. Defendants required the Class members to attend an unpaid mandatory orientation/training, in uniform.

29. Defendants did not pay the Class members for the unpaid mandatory orientation/training that they were required to attend.

30. Defendants did not reimburse the Class members for the required uniform nor reimburse the Class members for the laundry thereof.

31. Throughout their employment, Defendants failed to pay Plaintiff and the Class members for uniforms they wore to work, nor did they pay them for the laundry thereof.

32. Defendants typically scheduled Plaintiff to work four hours per patient. However, Defendants occasionally relieved Plaintiff after less than 4 hours of work.

33. Defendants failed to pay Plaintiff the full four hours call in pay as required by the NYLL.

34. In violation of the NYLL, Defendants failed to pay Plaintiff and the Class members the full four hours of call in pay when they worked less than 4 hours of work.

35. Plaintiff and the Class members were not paid all of their wages for all hours worked.

36. Defendants knowingly and willingly operated their business with a policy of not paying the New York State minimum wages for all hours worked to Plaintiff and the Class members.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37.  Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

41. At all relevant times, Defendants had a policy and practice that failed to pay proper wages to Plaintiff and FLSA Collective Plaintiffs.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages plus an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

50. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and the Class members the proper minimum wage in direct violation of the NYLL.

51. Due to Defendants' NYLL violations, Plaintiff and the Class members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## COUNT III

### VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

53. At all relevant times, Defendants employed Plaintiff and the Class members within the meaning of the NYLL, Article 6 and Article 19.

54. Pursuant to 12 NYCRR § 142-2.5, Defendants required Plaintiff and the Class members to wear a specific, standardized uniform while performing their job duties.

55. Employers are required to either launder required uniforms <u>or</u> pay employees a weekly amount to cover the cost of laundering the uniforms.

56. Defendants did not launder or maintain these required uniforms for Plaintiff and the Class members, nor did Defendants provide the required weekly Uniform Maintenance Pay to cover the costs of doing so.

57. Consequently, the unreimbursed costs of maintaining and laundering these required uniforms caused Plaintiff and the Class members' wages to fall below the statutory minimum wage during applicable workweeks, in violation of the NYLL.

58. By failing to pay the requisite Uniform Maintenance Allowance, Defendants made impermissible deductions from the wages of the Class members and failed to pay their earned wages in violation of the NYLL.

59. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Class members have suffered damages in the amount of their unpaid uniform maintenance pay and any resulting minimum wage deficiencies.

60. Plaintiff and the Class members are entitled to recover the full amount of their underpayments, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs.

**<u>COUNT IV</u>**

**VIOLATION OF THE NEW YORK LABOR LAW**

61. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

62. Defendants are required to pay employees who report to work for a scheduled shift call-in pay at the statutory minimum wage for the lesser of four hours of work or the number of hours in the employee's regularly scheduled shift.

63. Defendants failed to pay Plaintiff and the Class members the call-in pay when they were legally entitled to.

64. Plaintiff and the Class members are entitled to recover the full amount of their underpayments, liquidated damages, pre-judgment and post-judgment interest, and

reasonable attorneys' fees and costs.

## COUNT V

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

65. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

66. With each payment of wages, Defendants failed to provide Plaintiff and the Class members with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

67. Defendants' failure to provide Plaintiff and the Class members with proper wage statements resulted in Plaintiff and the Class members working without knowledge of his/her correct rate of pay.

68. Because Plaintiff and the Class members did not receive the required information in the wage statements containing his/her correct rate, Defendant was able to not pay Plaintiff and the Class members the correct pay.

69. Plaintiff and the Class members did not know that he/she was supposed to be paid full minimum wage and overtime pay. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

70. Defendants are liable to Plaintiff and the Class members in the amount of up to $5,000 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

71. WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and the Class

members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees,  representatives and any and all persons acting in concert with them as provided by  law, from engaging in each of the unlawful practices, policies, and patterns set forth  herein;

c.   An award, pursuant to the FLSA and the NYLL, of unpaid minimum wage;

d.   An award of unreimbursed uniform costs due under the NYLL;

e.   An award of unpaid laundry compensation under the NYLL;

f.   An award of unpaid call in pay under the NYLL;

g.   An award of statutory penalties for violations of the wage statement provisions under the NYLL;

h.   An award of statutory penalties, prejudgment and post-judgment interest, liquidated damages, costs and expenses of this action, together with reasonable attorneys' and expert fees;

i.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.   Designation of this action as a Class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff as Representatives of the Class; and

l.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 28, 2026

Respectfully submitted,

**NAYDENSKIY LAW FIRM LLC**

s/

Gennadiy Naydenskiy (GN5601)
517 Brighton Beach Avenue,
2nd Floor, Brooklyn, NY, 11235
Tel.: 718-808-2224

**HARRISON, HARRISON & ASSOCIATES, LTD.**

s/

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Tel.: (718) 799-9111
dharrison@nynjemploymentlaw.com